FILED
April 02, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___DT___
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**(1) OSCAR IVAN CARRILLO**<br><br>Defendants. | **Case No: EP:25-CR-00722-LS**<br><br>**S E A L E D**<br>**I N D I C T M E N T**<br><br>**CT 1:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B) (i) - Conspiracy to Bring in Aliens;<br><br>**CT 2:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i) - Conspiracy to Transport Aliens;<br><br>**CT 3:** 18 U.S.C. § 555 (a) and (d) - Conspiracy to Construct a Border Tunnel;<br><br>**CT 4:** 18 U.S.C. § 555 (c) and (d) - Conspiracy to Use a Border Tunnel.<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

### COUNT ONE

Beginning on or about March 25, 2024, and continuing to and including on or about January 15, 2025, in the Western District of Texas, the District of New Mexico and elsewhere, the Defendants,

**(1) OSCAR IVAN CARRILLO**

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others to the Grand Jury known and unknown, to commit an offense against the United States, namely: to bring to and attempt to bring to the United States certain aliens, at a place other than a

designated port of entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B)(i).

## COUNT TWO

Beginning on or about March 25, 2024, and continuing to and including on or about January 15, 2025, in the Western District of Texas, the District of New Mexico and elsewhere, the Defendants,

### (1) OSCAR IVAN CARRILLO

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT THREE

Beginning on or about March 25, 2024, and continuing to and including on or about January 15, 2025, in the Western District of Texas, the Defendants,

### (1) OSCAR IVAN CARRILLO

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others known and unknown to the Grand Jury, to construct a cross-border tunnel in El Paso, Texas, that crossed the international border between the United States and Mexico, which was not an authorized tunnel or passage known to the Secretary of the Department of Homeland Security and

subject to inspection by Immigration and Customs Enforcement, in violation of Title 18, United States Code Sections 555(a) and 555(d).

## COUNT FOUR

Beginning on or about March 25, 2024, and continuing to and including on or about January 15, 2025, in the Western District of Texas, the Defendants,

### (1) OSCAR IVAN CARRILLO

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others known and unknown to the Grand Jury, to use a cross-border tunnel in El Paso, Texas, that crossed the international border between the United States and Mexico, which was not an authorized tunnel or passage known to the Secretary of the Department of Homeland Security and subject to inspection by Immigration and Customs Enforcement, to unlawfully smuggle aliens, in violation of Title 18, United States Code Sections 555(c) and 555(d).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Transportation of Aliens Violation and Forfeiture Statutes
[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (a)(1)(B)(i), and (a)(1)(A)(ii), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendants **(1) OSCAR IVAN CARRILLO** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(6)(A) and (B), and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

### Title 18 U.S.C. § 982. Criminal Forfeiture
* * *

**(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 254(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa insurance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—

  (i) any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and

  (ii) any property real or personal—

   **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

   **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

**(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

### Title 8 U.S.C. § 1324(b) Seizure and Forfeiture

**(1) In general**

Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

## II.
## Conspiracy to Construct and Use a Border Tunnel Violation and Forfeiture Statutes
### [Title 18 U.S.C. §§ 555(a), (c), and (d), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(2)(B) and (a)(6)]

As a result of the foregoing criminal violations set forth in Counts Three and Four, the United States of America gives notice to Defendants **(1) OSCAR IVAN CARRILLO** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(2)(B) and (a)(6), which state:

### Title 18 U.S.C. § 982. Criminal Forfeiture
* * *

**(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
* * *

4

**(B)** section . . . 555 . . . of this title,
   shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

\* \* \*

**(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate . . . section 555 . . . of this title . . . shall order that the person forfeit to the United States, regardless of any provision of State Law—
   **(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
   **(ii)** any property real or personal—
      **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
      **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

This Notice of Demand of Forfeiture includes but is not limited to the Money Judgment described below in Paragraph III.

## III.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Four for which Defendants **(1) OSCAR IVAN CARRILLO** are individually liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

   a.   cannot be located upon the exercise of due diligence;
   b.   has been transferred or sold to, or deposited with, a third person;
   c.   has been placed beyond the jurisdiction of the Court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████████

FOREPERSON OF THE GRAND JURY

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY: 
Assistant U.S. Attorney